The opinion of the court was delivered by
Breaux, J.
This suit was brought by plaintiffs, daughters of S. J. Zeigler, to recover judgment against their father for the seperate *1454 funds which they allege were inherited by them from the succession of their mother, Mrs. Sallie V. Zeigler, and which their father received and used for the benefit of the conuiiunity which existed between their father and their mother, up to the date of her death.
It appears that S. J. Zeigler made a cession of all his property to his creditors and that the defendants, Carter and Levy, Jr., were appointed and qualified as syndics and are, in that capacity, administering- the affairs of the insolvent, Zeigler. The following is an itemized statement of plaintiffs’ claim:
By judgment of Vance vs. Vance used in purchase in part payment Buck Iiall plantation, 1884 ..............$16,970 25
1877. Amount received from New York Life Ins. Co...... ' 604 33
1877. Amount received from Knickerbocker Ins. Co...... 1,417 88
1883-4. Amount received from estate Haynes........... 49S 00
In.the case of Zeigler vs. ITis Creditors, 49th Ann., 144, the syndics appealed from the judgment rendered in favor of plaintiffs‘here for an amount of-thirty-two thousand dollars. This amount included the-sum set forth in the above statement and the judgment was annulled and the ease was remanded to enable plaintiffs to introduce proof in support of their claim. They, prior to trial on the merits, reduced the amount of their claim and the case was heard on the merits before the court a qua. At the outset of the trial, defendants interposed a general objection to the admissibility of nearly all of the testimony offered. These objections, in substance, were that the succession of S. W. Vance, father of Mrs. Sallie J. Zeigler, was not settled, though properly opened before the District Court for the parish of Bossier and that the District Court for the parish of Caddo is without jurisdiction to administer and settle the succession and determine what rights plaintiffs have in the succession of their grandfather, S. W. Vance. .In the second place, defendants objected to the evidence as being insufficient to sustain plaintiffs’ claim; and, lastly that the purchase price of property bought by S. J. Zeigler at a probate sale of succession of S. W. Vance by the sheriff of Bossier parish, for which plaintiffs seek to hold him, Zeigler, responsible, was not paid in cash although the deed in question recites that it was; that plaintiffs are bound by the declaration because it is an authentic declaration which cannot be altered in any manner, in the absence of all the required allegations of error or fraud; further that they are bound also because *1455 the deed was offered in evidence by plaintiffs without reservation of any sort.
W. C. Pérrin, a witness, testified that years ago he was the bookkeeper of McOutchen & Co., a commercial firm, with whom it appears that Zeig'ler kept account of his cash receipts; that at the time payment was made of the two items, $604.33 and $1417.85, he made proper entry on the books of the firm. Testimony by other witnesses and entries in the books of a banking house of Shreveport were offered as corroborating testimony. Testimony to sustain the claim arising from payment made by the Knickerbocker Insurance Company was also admitted. It consisted of the testimony of witnesses and of entries in book-keepers’ books.
The facts regarding the judgment in, Yance vs. Yance, in which the late Mrs. Zeigler was recognized as a creditor of her husband, for a large amount, are that the statement shows it was made part of the purchase price of Buck Hall by Zeigler, who became the owner at the sale in which his wife had interest, and the debtor to his wife, for the amount of her judgment. 'With reference to the last item of the statement, i. e., the one made in 1883, amount received from the estate of Haynes, $498,00, the evidence shows that S. J. Zeigler was the executor of the estate; that his wife, at the time, was a creditor of the estate; and he, Zeigler, testified that he retained the money due to his wife and that he used it in his own business. The witness testified, “I thought it was hers and I used it as her money. I thought that I had a right to keep it without any receipt.” This testimony was corroborated by the final account of the executor,. duly homologated, and by other facts.
The judge of the District Court handed down a written opinion in support of the judgment, holding that the sole.question for determination was the verity of plaintiffs’ claim and that the item of six hundred and eight and 69-100 dollars was received by Mrs. Sallie E. Zeigler from the New York Life Insurance Company by her attorney in fact, S. B. McCutchen, and that this was the share due Mrs. Ziegler as the daughter of S. W. Yance; that the certified copy of the receipt is found in the record annexed to the original policy of insurance. McCutchen testified that S. J. Zeigler was credited with six hundred and eight 89-100 dollars on the books of his commercial firm in which Zeigler’s account was kept at the time. This testimony is supported by that of W. O. Perrin who was bookkeeper for S. B. McCutchen on *1456 October 16th, 1877, at the date of the entry. Mr. J. A. Snider testified regarding the claim for one thousand four hundred ' and seventeen 85-100 dollars that he settled upon an amount for compromise with one Cronin, adjuster for the Knickerbocker Insurance Company, which amount was received from that company by Mr. Zeigler for Mrs. Zeigler on the life insurance of Vance. Mr. McCutchen testified, that “these statements are correct, and that the entries in the books were made in the ordinary course of business, at a time when Zeigler had means and was engaged in business. There is other testimony sustaining the claim, but we do not think it necessary to make a summary of it. The opinion of the district judge was carefully prepared and sustains the judgment in favor of plaintiffs for the amount stated in the opinion. From this judgment, the defendants, syndics, and several creditors of the insolvent, Zeigler, appealed.
Defendant’s objection to the jurisdiction of the court is the first attracting our attention on taking up the case for decision. This objection is based on the ground that the succession of the plaintiffs’ grandfather, from whence they inherit as thefiegal representatives of their mother’s succession, is not yet closed in another parish to which, defendants contend, we should refer the plaintiffs for a settlement of their claim. Our review of the issues has resulted in convincing us that there is'no necessity, under the law, of dismissing plaintiffs’ demand and thereby delaying a settlement between plaintiffs and defendants which would not be of any advantage or benefit to one or the other. Our reasons for declining to sustain defendants’ position on this point are as we have noted. The succession of S. W. Vance was opened in the parish of Bossier more than twenty years ago and all the property comprising the assets was sold, the creditors appearing and all concerned being parties. It appears that in due time a final account was prepared; by' the attorney of the succession and for reasons stated by him it was never homologated. Many of the parties have since died, including the executrix of the succession, and we have reason to conclude that all the debts have been paid and the heirs, except plaintiffs,- have been settled with. At any rate, no one complains. There is no contest in the parish of Bossier. . The succession was considered as one finally settled and- the amounts received by plaintiffs’ father, Zeigler, have become a personal indebtedness for which he can be made to account in a separate action in the parish of his domicil. The question of jurisdiction was not raised by plea, but it comes up to *1457 us by way of objection to the admissibility of testimony, without proof that any one is interested in reviving the settlement of a- succession long- since abandoned, for the reason that all concerned have ceased to have an interest therein. There is no question here of the settlement of a succession. Plaintiffs only seek to recover from their father an amount he is charged with having collected from a. succession for them, and which he failed to pay to them.
We take it that the next objection was directed more particularly against the sufficiency of evidence on which to base a judgment, -and for that reason it will be considered in a moment in passing upon the items constituting the total of plaintiffs’ claim.
Defendant also objected to the admissibility of evidence offered to prove that the purchase price of property bought by S. J. Zeigler at probate sale of succession of S. W. Vance was not paid in cash to the sheriff as recited in the deed which was offered in evidence by plaintiffs without reservation or restriction. Defendants, in support of their objection, cite C. P. 697 and 698, setting forth that a sheriff’s deed is an authentic act and is full proof of what it contains. Sheriffs, in order to avoid long recitals in their deeds and, frequently, calculations of amounts coming to each of the heirs or other interested parties, are prone to set forth, that “in consideration of said purchasers having complied with the terms of sale by paying the amounts of their separate bids in cash” they have adjudicated the property. While such a practice is not to be commended, yet when there is no testimony to show that he received the cash, but it does appear, on the contrary, that no cash was received by him owing to an agreement, parol proof of the agreement is admissible. The rule of exclusion of parol testimony does not extend to mere receipts. Parol testimony is admissible to explain and even, to contradict them. The fact that a receipt was copied into an authentic act would not make it impossible to show how the cash to which it refers was .received or that the officer was made to insert “cash received” by the interested parties who chose to treat the'” obligations among themselves as .cash and thus to settle upon this basis, as we understand was done'in the case before us for decision. True, ordinarily, it is required that, in order that an act may be corrected and made to conform to the facts, proper allegations must be made to that effect.
Defendants’ objection is that plaintiffs did not lay the foundation of error or fraud, and secondly, that they did not' reserve their right to *1458 contradict the deed when it was offered in evidence. It would not be possible to meet defendants’ objection successfully if plaintiffs were attempting to contradict or vary the deed in question. The object of the testimony was to prove what had become of the amount referred to as cash. There was no intention of changing the deed in any way in s'o far as it established all the requirements of a sale. The deed was considered in every respect as complete and nothing was done to take away from it any of the force" it has as a complete act of sale. From that point of view we do not find that the ruling admitting the evidence was erroneous. This completes o*ur review of the different points urged by the defendants as to the admissibility of the evidence.
. The first two items, six hundred and four 33-100 dollars 'and one thousand four hundred and seventeen 85-100 dollars, are due as shown by contemporaneous entries made in good faith in books regularly kept for S. J. Zeigler by a commercial firm of Shreveport, and as shown by the bookkeeper himself, who was a witness, and by one of the members of the firm. The entries in a banker’s books with whom this firm deposited its cash also corroborates the verity of the claim. The debtor himself testified to the correctness of these entries. The many years that have elapsed since these amounts were received by the firm and placed to the credit of the debtor rendered it impossible for the witnesses to recall all the particulars. But they traced these amounts to those by whom they had been paid, that is to the debtors themselves, and they established with absolute certainty that the amounts, were due to the mother of plantiffs and afterwards they proved beyond all question of doubt that regular entries in the books by a competent book-keeper and proper charges show that these amounts were delivered to S. J. Zeigler, for whom they were secured. It is true that the latter has made mistakes in his testimony to which our attention is called. We know very Well that when a. witness has fallen into an error of statements, though he may have been anxious to avoid them, yet he should be supported by other testimony, at least on material points.' He is supported by a. number of circumstances and by at least two witnesses whose testimony convinces us of the entire truthfulness of the statement as relates to those two claims.
The third and largest item of those making up plaintiffs’ claim is shown to be correct by the copies of documents taken from the record of the succession of S. W. Vance. The adjudication of that to which we have already referred proves the amount of property sold, and *1459 which Zeigler bought and for which he is responsible to plaintiffs. The account of executorship, never homologated but duly prepared, and all the circumstances point to plaintiffs’ tutor, Zeigler, as having received the amount claimed. Mr. J. A. Snider, one of the oldest and most highly respected attorneys in this State, has given this item of plaintiffs’ claim the support of his positive testimony. He was in' charge of the settlement of the succession as attorney and was well acquainted with the parties. He says that plaintiffs’ father acted as agent for Mrs. Vance, tho executrix, and a large portion of the cash of the succession was received by him for Mrs. Vanee whose agent he was. We believe that the circumstances and the testimony confirm the testimony of S. J. Zeigler, who states he received the amount. It was shown that plaintiffs are entitled to 12 19-100 per cent, of the estate, which was large.
The other heirs have been paid a larger amount than is claimed by the plaintiffs.
The testimony heard in proof of the last item of the account, four hundred and ninety-eight dollars, is even more clear and direct than that heretofore reviewed. The final account of the executor of the succession, Mr. Zeigler himself, who had all the funds of the succession of Haynes in his possession, shows that this amount was due by him to his late wife. It was not paid but was retained by him for his own use.
For these reasons, we think that the amount claimed is due. It is therefore adjudged, ordered and decreed that the judgment -appealed from be affirmed.
Blanchard, J., recused.
Rehearing refused